O'CONNELL V DIRECTOR OF ELECTIONS, No. 153414; Court of Appeals No. 332132.

*Leave to Appeal Denied March 30, 2016:*

PEOPLE V MCMILLAN, No. 151823; Court of Appeals No. 325783.

MICHIGAN CHARITABLE GAMING ASSOCIATION V STATE OF MICHIGAN, No. 151928; reported below: 310 Mich App 584.

PEOPLE V NEWMAN, No. 152025; Court of Appeals No. 327000.

PEOPLE V BALLY, No. 152232; Court of Appeals No. 320838.

PEOPLE OF THE CITY OF WESTLAND V MARTIN, No. 152268; Court of Appeals No. 317722.

JOHNSON V MARSH, No. 152654; Court of Appeals No. 322037.

PEOPLE V DEREK HENRY, No. 152676; Court of Appeals No. 321031.

PEOPLE V KRATKY, No. 152832; Court of Appeals No. 321754.

PEOPLE V STERLING STOKES, No. 152864; Court of Appeals No. 329281.

*Summary Disposition April 1, 2016:*

FIGURSKI V TRINITY HEALTH-MICHIGAN, No. 151428; Court of Appeals No. 318115. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we vacate Sections II., III., IV.D., and the first paragraph of Section VI. of the Court of Appeals judgment and we remand this case to the Court of Appeals for reconsideration in light of this Court's opinion in *Elher v Misra*, 499 Mich 11 (2016). We do not retain jurisdiction.

*Orders Granting Oral Argument in Cases Pending on Application for Leave to Appeal Entered April 1, 2016:*

BARUCH SLS, INC V TITTABAWASSEE TOWNSHIP, No. 152047; Court of Appeals No. 319953. The parties shall file supplemental briefs within 42 days of the date of this order addressing: (1) whether *Wexford Med*

*Group v City of Cadillac*, 474 Mich 192 (2006), correctly held that an institution does not qualify as a "charitable institution" under MCL 211.7o or MCL 211.9 if it offers its charity on a "discriminatory basis"; (2) if so, how "discriminatory basis" should be given proper meaning; (3) the extent to which the relationship between an institution's written policies and its actual distribution of charitable resources is relevant to that definition; and (4) whether, given the foregoing, the petitioner is entitled to a tax exemption. The parties should not submit mere restatements of their application papers.